UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PLAQUEMINES PARISH                              CIVIL ACTION

v.                                              NO. 13-6718

CAMPBELL ENERGY CORPORATION, ET AL.             SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

Background

This case is one of several originally filed in state court against various defendants for alleged violations of permits issued pursuant to the State and Local Coastal Resources Management Act of 1978.  The defendants removed the case, and the Parish moves for remand.  This Court stayed proceedings until another section of this Court resolved a motion to remand presenting substantially identical issues.

On December 1, 2014, Judge Zainey granted remand in a thorough order and reasons.  See Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc., No. 13-6693, 2014 WL 6750649 (E.D. La. Dec. 1, 2014).  Judge Zainey found that the Court did not have jurisdiction based on diversity, the Outer Continental Shelf Lands Act, admiralty, or any federal question.  Shortly thereafter

1

and relying on Judge Zainey's order and reasons, Judge Africk also granted remand in the case before his section.  See Plaquemines Parish v. Rozel Operating Co., et al., No. 13-6722 (E.D. La. Jan. 29, 2015).  Last month Judge Lemelle remanded his four cases for substantially the same reasons.  See, e.g., Jefferson Parish v. Anadarko E&P Onshore LLC, et al., No. 13-6701 (E.D. La. Mar. 9, 2015).  This Court assumes familiarity with those opinions.

Here, the Parish asserts permit-violation claims relating to a different geographic area.  Although different areas and permits are involved, the cases are functionally indistinguishable.  It is enough to note that at least one defendant is a citizen of Louisiana; the conduct that allegedly violated the permits occurred within Plaquemines Parish and not on the outer continental shelf; and the Parish disclaims, at great length, any claims other than state-law permit violation claims.

In the Order granting the parties' joint motion to reopen this case, the Court "advise[d] that counsel should focus their arguments on why their cases are the same or distinguishable from those cases in which remand has already been granted in other Sections of Court."  See Order dated 2/11/15.  The Court noted Judge Africk's language in his Order and Reasons granting remand after Judge Zainey's decision:

> The Court . . . notes that it does not write
> on a blank canvas with respect to these
> issues.  The Court is persuaded by the

> thoughtful reason in <u>Total</u> [Judge Zainey's
> Case No. 13-6692] and sees little benefit in
> rehashing arguments that have been thoroughly
> aired and addressed.  Accordingly, the Court
> will address the parties' arguments only to
> the extent that they assert errors in the
> <u>Total</u> opinion or raise arguments not briefed
> in that case.

<u>Rozel</u>, No. 13-6722, p. 3.

I.

A defendant's right to remove is strictly statutory in nature.  <u>See</u> <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 366 (5th Cir. 1995); <u>Syngenta Corp. Production, Inc. v. Henson</u>, 537 U.S. 28, 32 (2002) (citing <u>Great N.R. Co. v. Alexander</u>, 246 U.S. 276 U.S., 280 (1918) ("The right of removal is entirely a creature of statute.")).  The general removal statute governing civil actions provides:

> Except as otherwise expressly provided by Act
> of Congress, any civil action brought in a
> State court of which the district courts of
> the United States have original jurisdiction,
> may be removed by the defendant or the
> defendants.

28 U.S.C.A. § 1441(a) (emphasis added).  Per § 1441(a), a defendant may remove a state court action only if the action could have originally been filed in federal court.  <u>Aaron v. Nat'l Union Fire Ins. Co.</u>, 876 F.2d 1157, 1160 (5th Cir. 1989) (citing <u>Caterpillar v. Williams</u>, 482 U.S. 386, 391-92 (1987); 28 U.S.C. § 1441).  Thus, the propriety of removal is keyed to the original jurisdiction of the federal district courts, and consideration of a motion to

3

remand a case removed from state court presents issues of subject matter jurisdiction and statutory construction. <u>Carpenter</u>, 44 F.3d at 365-66 (citing <u>Garrett v. Commonwealth Mort. Corp. of Am.</u>, 938 F.2d 591, 593 (5th Cir. 1991)). The burden of establishing subject matter jurisdiction rests with the party seeking to invoke it. <u>St. Paul Reinsur. Co. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing <u>Gaitor v. Peninsular & Occidental Steamship Co.</u>, 287 F.2d 252, 253-54 (5th Cir. 1961)).

II.

The parties dispute three potential bases for removal jurisdiction: (1) diversity, (2) OCSLA, and (3) admiralty.

A.    *Diversity Jurisdiction*

As did the defendants in similar cases in other sections of this Court, the defendants here contend that the Court has diversity jurisdiction over this case because: (1) the Parish has egregiously misjoined in one suit independent actions against diverse and non-diverse defendants; and (2) the Parish cannot avoid diversity jurisdiction by claiming, with no authority, to represent the State of Louisiana. Judges Zainey, Africk, and Lemelle have all rejected this argument, and the Court finds their reasoning persuasive.

Under the egregious misjoinder theory as promulgated by the Eleventh Circuit, the misjoinder of "wholly distinct" claims against two groups of unrelated diverse and non-diverse defendants,

4

having no real connection to the controversy, could not defeat the diverse defendants' right of removal. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, 204 F.2d 1069 (11th Cir. 2000). The Fifth Circuit recognizes two methods of misjoinder: (1) actual fraud in the pleading of jurisdictional facts; and (2) the inability of the plaintiffs to plead a cause of action against the non-diverse defendants in state court. Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006). Assuming that the Eleventh Circuit's test applies in this Circuit, the joinder here has not been shown to constitute egregious misjoinder.

Under the Louisiana Code of Civil Procedure, "[c]umulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one of more defendants." La. Code Civ. Proc. art. 461. In Louisiana state court, a plaintiff may cumulate claims against multiple defendants if "[t]here is a community of interest between the parties joined." La. Code Civ. Proc. art. 463. The causes of action share a community of interest if enough factual overlap is present to make it commonsensical to litigate them together. Mauberret-Lavie v. Lavie, 850 So.2d 1, 2 (La. App. 4 Cir. 2003).

The defendants take issue with several aspects of Judge Zainey's analysis in Total, raising arguments that Judges Africk

and Lemelle squarely rejected after Total.   They contend that because the damages alleged will be individual to each defendant, and because their activities occurred in different areas and at different time periods, their joinder is egregious.   They also argue that Judge Zainey improperly focused on the plaintiff's "holistic" remedy.

First, this case concerns three oilfields covering a contiguous area of 53 square miles, whereas the allegations in Total concerned seven oilfields located across at least 211 square miles.   Second, Judge Zainey considered both the injury alleged and the remedy sought in finding that any misjoinder was not egregious. Although the Parish alleges several violations of various permits by various permit-holders, the factual overlap here, even more so than in Total, is the cumulative damage to the oilfields by all the defendants, thus making it commonsensical to try the alleged violations together.   The Court joins the reasoning of Judges Zainey, Africk, and Lemelle in rejecting all arguments of egregious misjoinder.   To the extent that Tapscott applies, the joinder in this case is not egregious.   Thus, the Court lacks diversity jurisdiction.

B.      *OCSLA Jurisdiction*

The defendants object to Judge Zainey's ruling that the Outer Continental Shelf Lands Act is inapplicable.   They raise the same arguments that Judges Zainey, Africk, and Lemelle have already

considered and rejected.   The Court agrees and adopts their opinions *in extenso*.  For the Court to have jurisdiction pursuant to OCSLA, the injury-causing activity must have been conducted on the Outer Continental Shelf.  This Court finds no basis to depart from the conclusions of Judges Zainey, Africk, and Lemelle.

C.     *Admiralty Jurisdiction*

The defendants contend that this Court has removal jurisdiction based on admiralty jurisdiction alone.  In <u>Bisso Marine Co. v. Techcrane Int'l, LLC</u>, No. 14-375, 2014 WL 4489618 (E.D. La. Sept. 10, 2014), this Court considered and rejected the defendants' interpretation of the effect of the 2011 amendments to the general removal statute; the defendants do not persuade the Court to change its analysis some seven months later.  They ask in the alternative that the Court deny remand and certify this Order under 28 U.S.C. § 1292(b) so that the Fifth Circuit can decide whether admiralty claims are now freely removable.  Although some other district courts have found that such claims are now removable, every section of this Court to consider the issue has found that they are not.  <u>See</u> <u>Anadarko E&P Onshore</u>, No. 13-6701, p. 14 (Lemelle, J.) (collecting cases).  The Court joins Judge Africk in declining to exercise its discretion to certify this question for interlocutory appeal.

Accordingly, for the foregoing reasons, IT IS ORDERED that the motion to remand is hereby GRANTED.  The case is REMANDED to the state court from which it was removed, for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, April 29, 2015

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE